IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **MATTHEW L. RICHARDSON,** **#14666-025,** | ) ) ) |
| **Plaintiff,** | ) ) |
| vs. | ) ) Case No. 21-cv-00140-JPG ) |
| **JOHN J. FRANKE,** **NATHAN TALL, and** **DR. EUGENE J. ARAGONA,** | ) ) ) ) |
| **Defendants.** | ) ) |

### MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Matthew Richardson, a former federal detainee at Alton Law Enforcement Center ("Jail"), brings this action pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Fed'l Bureau of Narcotics*, 403 U.S. 388 (1971). Plaintiff claims he was denied dental care while on a federal holdover at the Jail. (Doc. 1, p. 6). He seeks monetary and injunctive relief. (*Id*. at 7).

The Complaint is now subject to preliminary review pursuant to 28 U.S.C. § 1915A, which requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from a defendant who is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). The allegations are liberally construed at this stage. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint (Doc. 1, p. 6): In May 2020, Plaintiff informed the Jail's doctor (Dr. Aragona) and lead jailers (John Franke and Nathan Tall) that a "big chunk" of one tooth was missing. The doctor referred Plaintiff for treatment with a dentist, but the "Jail" refused to follow up and ensure that he was seen. Plaintiff filed a grievance to complain about the denial of dental care, but he received no response. As a result, Plaintiff suffered from daily pain associated with eating and drinking. (*Id*.).

## Discussion

Based on the allegations, the Court designates the following enumerated counts in the *pro se* Complaint:

> **Count 1:** Eighth and/or Fourteenth Amendment claim against Defendants for denying Plaintiff adequate dental care for his broken tooth at the Jail beginning in May 2020.
>
> **Count 2:** Fourteenth Amendment claim against Defendants for mishandling Plaintiff's grievance regarding the denial of dental care.

**The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.**

## *Bivens* or Section 1983

At the outset, the Court questions whether Plaintiff should have brought this action pursuant to 42 U.S.C. § 1983 instead of *Bivens*. Section 1983 imposes tort liability on state and local actors for violations of federal rights. *Belbachir v. County of McHenry*, 726 F.3d 975, 978 (7th Cir. 2013). *Bivens* provides a private cause of action for damages against federal officials for constitutional torts. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009). Plaintiff likely filed the Complaint pursuant to *Bivens* because he was at the Jail on a federal holdover. But he asserts

claims against local officials. *Belbachir*, 726 F.3d at 978. Given this, Section 1983 likely provides the proper avenue to relief.

**Count 1**

The applicable legal standard for Plaintiff's dental claim depends on his status as a pretrial detainee or a convicted person when his claims arose. If he was a pretrial detainee, his dental claim is governed by the Fourteenth Amendment. *Miranda v. County of Lake*, 900 F.3d 335 (7th Cir. 2018). If he was a prisoner, the claim is governed by the Eighth Amendment. *Berry v. Peterman*, 604 F.3d 435 (7th Cir. 2010).

A Fourteenth Amendment due process claim challenging the denial of medical care involves two inquiries. The first "asks whether the medical defendants acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of [Plaintiff's] case." *McCann v. Ogle Cty., Illinois,* 909 F.3d 881, 886 (7th Cir. 2018) (internal quotations omitted). The second asks "whether the challenged conduct was objectively reasonable." *Id*. This, in turn, requires consideration of "the totality of the facts and circumstances faced by the individual alleged to have provided inadequate medical care and to gauge objectively—without regard to any subjective belief held by the individual—whether the response was reasonable." *Id*.

In contrast, an Eighth Amendment claim arising from the denial of dental care consists of an objective and a subjective component. *Berry v. Peterman*, 604 F.3d at 439-40. A plaintiff must show that he suffered from a serious medical condition (*i.e.*, an objective standard) and each defendant responded to it with deliberate indifference (*i.e.*, a subjective standard). *Id.*

The Complaint articulates no colorable claim against the defendants under either standard. Plaintiff alleges that he reported a broken tooth to the doctor and lead jailers. In response, the doctor referred him for treatment with a dentist. Plaintiff mentions no subsequent interactions with the defendants about the matter. Their response was objectively reasonable under the circumstances. Therefore, the Complaint articulates no Fourteenth Amendment due process claim *or* Eighth Amendment deliberate indifference claim against any of them.

Although all three defendants are likely considered supervisory officials, it is not enough to name a defendant based entirely on his/her supervisory role at the Jail. The doctrine of *respondeat superior* is not recognized in this context; to be held individually liable, a defendant must be 'personally responsible for the deprivation of a constitutional right.'" *Sanville v. McCaughtry*, 266 F.3d 724, 740 (7th Cir. 2001). The allegations must state a plausible claim against the individual for causing the deprivation at issue. Because the allegations fail to do so, Count 1 shall be dismissed without prejudice against all three defendants.

Plaintiff alleges that the *Jail* failed to take the necessary steps to complete the referral process. (Doc. 1, p. 6). This allegation poses two problems. First, the Jail is not a defendant. Second, the Jail is not a person subject to suit. This allegation does not save his claim. Accordingly, Count 1 shall be dismissed without prejudice.

**Count 2**

The mishandling of grievances does not give rise to an independent constitutional claim against the defendants. Prison grievance procedures are not constitutionally mandated and do not implicate the Fourteenth Amendment Due Process Clause per se. Therefore, the alleged mishandling of grievances "by persons who otherwise did not cause or participate in the

underlying conduct states no claim." *Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011). Count 2 shall also be dismissed with prejudice.

### Request for Injunctive Relief

Plaintiff's request for dental care is **DENIED without prejudice**. He is no longer housed at Alton Law Enforcement Center. (*See* Doc. 12). Plaintiff's transfer to a different institution renders his request for dental care moot, unless he can show that he will return to the Jail and face the same conditions. *Maddox v. Love*, 655 F.3d 709, 716 (7th Cir. 2011) (citing *Ortiz v. Downey,* 561 F.3d 664, 668 (7th Cir. 2009)); *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). Plaintiff offers no indication that he will be transferred back to the Jail or face the same conditions he describes in the Complaint. His request for injunctive relief *in this case* is thus **DENIED** as **MOOT**.

### Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. **COUNT 1** is **DISMISSED** without prejudice against Defendants **FRANKE, TALL,** and **ARAGONA,** and **COUNT 2** is **DISMISSED** with prejudice for failure to state a claim for relief against Defendants.

Plaintiff is **GRANTED** leave to file a "First Amended Complaint" on or before **May 11, 2021**. Should Plaintiff fail to file his First Amended Complaint within the allotted time or consistent with the instructions set forth in this Order, the entire case shall be dismissed with prejudice for failure to comply with a court order and/or for failure to prosecute his claims. FED. R. CIV. P. 41(b). *See generally Ladien v. Astrachan*, 128 F.3d 1051 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466 (7th Cir. 1994); 28 U.S.C. § 1915(e)(2). The dismissal shall also count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

It is strongly recommended that Plaintiff use the civil rights complaint form designed for use in this District.  He should label the form, "First Amended Complaint," and he should use the case number for this action (No. 21-cv-00140-JPG).  To enable Plaintiff to comply with this Order, the **CLERK** is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void.  *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004).  Therefore, the Court generally will not accept piecemeal amendments to the original Complaint.  The First Amended Complaint must stand on its own without reference to any previous pleading.  Plaintiff must re-file any exhibits he wishes the Court to consider along with it.  The First Amended Complaint is subject to review pursuant to 28 U.S.C. § 1915A.

Plaintiff is further **ADVISED** that his obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee remains due and payable, regardless of whether Plaintiff files a First Amended Complaint.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this Order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/13/2021**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**
